UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ALFRED BEATY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-773 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____ ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security that plaintiff was not entitled to supplemental security income (SSI) benefits. On February 24, 2010, plaintiff filed his applications for benefits alleging a July 5, 2007 onset of disability. (A.R. 153-63). He filed his application for benefits while he was an inmate at the Marquette Branch Prison, where he was "serving his third prison sentence for possession with intent to deliver cocaine." (A.R. 20). On March 8, 2011, plaintiff was released from prison on parole. (A.R. 24). Because plaintiff is not eligible to receive social security benefits for any months he was confined in a jail or prison, his earliest possible entitlement to SSI benefits is April 2011. S*ee* 42 U.S.C. § 1382(e)(1)(A), 20 C.F.R. § 416.1325(a).

Plaintiff's claim for SSI benefits was denied on initial review. On January 20, 2012, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 33-64). On February 22, 2012, the ALJ issued her decision finding that plaintiff was

not disabled. (A.R. 15-27). On May 31, 2013, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the ALJ's decision should be overturned on the following ground:

> Alfred Beaty meets Listing 12.05C. The Decision denying benefits rejects his valid IQ score without evidentiary basis. The Decision should be remanded for an award of benefits.

(Plf. Brief at 1, docket # 14). I recommend that the Commissioner's decision be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because

there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after February 24, 2010, the date he filed his application for SSI benefits.[1] (A.R. 18). The ALJ found that plaintiff had the following severe impairments: dextroscoliosis of the thoracic spine, asthma/restrictive airway disease, bilateral mild carpal tunnel syndrome, flat feet with plantar fascitis, osteoarthritis of the left shoulder, knees and back, ulnar bursitis and mild ulnar neuropathy, cervical radiculopathy, hypertension, left shoulder tendon thickening, right thumb and index finger "triggering," learning disorder and borderline intellectual functioning. (A.R. 18). Plaintiff did not

---

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).

have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 21-23). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (A.R. 23). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 23-25). Plaintiff was unable to perform any past relevant work. (A.R. 25). Plaintiff was 49-years-old as of the date he filed his application for SSI benefits. He was classified as a younger individual through November 18, 2010, and after that date was classified as an individual closely approaching advanced age. (A.R. 25). Plaintiff has a marginal education and is able to communicate in English. (A.R. 25). The transferability of work skills was not material to a disability determination. (A.R. 25). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question posed by the ALJ, the VE testified that there were approximately 12,900 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 61-62). The ALJ found that this constituted a significant number of jobs. Using Rules 202.10 and 202.17 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 26-27).

Plaintiff argues that the ALJ "reject[ed] his valid IQ score without evidentiary basis" and should have found that he met the requirements of Listing 12.05(C). Plaintiff places great emphasis on a verbal IQ score of 70 generated in connection with a consultative psychological examination performed on July 19, 2010. Plaintiff was "transported by correctional staff" from the Marquette Branch Prison to Ishpeming, "and later returned via correctional transporting officers to his trustee division living unit." (A.R. 347). Psychologist Bruce Jacobson offered a diagnosis of

borderline intellectual functioning, not mental retardation.[2] The psychologist noted that plaintiff had achieved the following scores on the Wechsler Adult Intelligence Scale – Third Edition test: "verbal I.Q. score of 70, a performance I.Q. score of 90, yielding a full scale I.Q. score of 77." (A.R. 349). The psychologist's report includes a statement that he considered the test results were a valid indication of plaintiff's true cognitive abilities, but offered no explanation supporting the conclusion. (*Id.*).

Listed impairments are impairments that are so severe that they render entitlement to benefits a "foregone conclusion." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006) (*en banc*). "In other words, a claimant who meets the requirements of a listed impairment will be deemed conclusively disabled." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009). It is well established that a claimant must show that he satisfies all the individual requirements of a listing. *See Elam*, 348 F.3d at 125. "If all the requirements of the listing are not present, the claimant does not satisfy that listing." *Berry v. Commissioner*, 34 F. App'x 202, 203 (6th Cir. 2002); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013). "It is insufficient that a claimant comes close to satisfying the requirements of a listed impairment." *Elam*, 348 F.3d at 125.

---

[2] Borderline intellectual functioning is a "lesser diagnosis than mental retardation." *Sheeks v. Commissioner*, 544 F. App'x 639, 641 (6th Cir. Nov. 2013).

"Listing 12.05 describes circumstances in which mental retardation[3] is severe enough to preclude gainful activity." *Turner v. Commissioner*, 381 F. App'x 488, 491 (6th Cir. 2010). "The structure of listing for mental retardation is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). "[A] claimant will meet the listing for mental retardation only if the claimant's impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A); *see also Cheatum v. Astrue*, 388 F. App'x 574, 576 (8th Cir. 2010); *Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009).

The specific requirements of listing 12.05 are as follows:

> 12.05  Mental Retardation: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> A.  Mental incapacity as evidenced by dependence on others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
> OR

---

[3] In 2013, a revised version of the listing 12.05 went into effect, replacing the term "mental retardation" with "intellectual disability." *Peterson v. Commissioner*, 552 F. App'x 533, 536 n.1 (6th Cir. 2014). The substantive components of the listing remained unchanged. *See Hickel v. Commissioner*, 539 F. App'x 980, 982 n.2 (11th Cir. Oct. 28, 2013). The terms "mental retardation" and "intellectual disability" can be used interchangeably, because they refer to the same disorder. *See Talavera v. Astrue*, 697 F.3d 145, 148 n.2 (2d Cir. 2012); *Willliams v. Colvin*, No. 5:12-cv-676, 2013 WL 6058204, at * 4 n.3 (E.D.N.C. Nov. 15, 2013). However, for the sake of clarity, courts generally use the old terminology when conducting appellate review of administrative decisions made before the terminology was revised. *See Peterson*, 552 F. App'x at 536 n.1; *Hickel*, 539 F. App'x at 982 n.2.

    B.  A valid verbal, performance, or full scale IQ of 59 or less;
OR
    C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
OR
    D.  A valid verbal, performance or full scale IQ of 60 though 70, resulting in at least two of the following:
        1. Marked restriction of activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Marked difficulties in maintaining concentration, persistence, or pace; or
        4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

The ALJ found that plaintiff did not meet or equal the requirements of any listed impairment, including listing 12.05(C). The ALJ carefully explained why she found that the low IQ score that plaintiff emphasizes was not a valid indicator of plaintiff's level of cognitive functioning:

> The severity of the claimant's mental impairment does not meet or medically equal the criteria of listings 12.02, 12.05, and 12.09.
>
> * * *
>
> **In activities of daily living, the claimant has a mild restriction.** The claimant is able to take care of his personal needs without assistan[ce], can prepare simple meals, watches a lot of television, drives, and does some yard work, although he stated he had to stop and rest. The claimant listed hobbies of fixing bicycles, fishing, and watching sports on television (Exhibit 5E). His girlfriend reported he enjoyed playing cards, playing dominoes, and listening to music (Exhibit 4E).
>
> **In social functioning, the claimant has moderate difficulties.** He has been in prison on three occasions for drug-related charges. He lives with his girlfriend, goes to the grocery store with her, and socializes on a limited basis. He attends group meetings and goes to church.
>
> **With regard to concentration, persistence or pace, the claimant has moderate difficulties.** He is able to pay bills and manage money and has some interests, but he stated that his girlfriend pays the rent as he has no money. He reports having difficulty following instructions.

> **As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration.** He has neither sought nor been referred for treatment at the mental health clinic; and he has not been psychiatrically hospitalized.
>
> * * *
>
> [T]he "paragraph C" criterial of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> In a hearing memorandum dated January 19, 2010, the attorney alleges the claimant meets listing 12.05C based on school records which showed he did poorly in general academic classes and failed the driver's examination on two occasions. He pointed out that testing showed the claimant had a verbal IQ score of 70, which the examiner found was a valid indicator of his cognitive abilities. He further indicated that carpal tunnel syndrome would be the impairment imposing additional and significant work-related function in order to meet this listing.
>
> * * *
>
> The undersigned rejected that verbal IQ of 70 (4f). The claimant has a 10-year work history, working full time, which is inconsistent with such a score. Further, there is no evidence of IQ scores of low level prior to age 22. Moreover, the claimant has a driver's license and drives "maybe once a week" (testimony), all of which is inconsistent with the estimated IQ of 70 - verbal.

(A.R. 23).

Plaintiff disagrees with the ALJ's factual finding and argues that the ALJ should have found that the IQ score was valid. The ALJ is responsible for making factual findings regarding the validity of IQ scores, not the court. *See Baker v. Commissioner*, 21 F. App'x 313, 315 (6th Cir. 2001) (citing *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998)); *see also Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012) (collecting cases); *Lax v. Astrue*, 489 F.3d 1080, 1087 (10th Cir. 2007) (same). The only IQ test scores submitted were from July 2010. There were no other IQ test results suggesting mental retardation. Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534.  The ALJ's finding that plaintiff's work history and extensive daily activities undermined the validity of his low verbal IQ score is supported by more than substantial evidence.  The ALJ's finding that plaintiff did not meet or equal the requirements of any listed impairment, including listing 12.05(C), cannot be disturbed on this record.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   June 17, 2014                             /s/  Joseph G. Scoville
                                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).